### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEAN GALLAHER, et al., )<br>)<br>               Plaintiffs, )<br>)<br>-vs- )<br>)<br>GEORGE B. SALEM, et al., )<br>)<br>               Defendants. ) | Case No. CIV-07-974-F |

### ORDER

Before the court is Defendant George B. Salem's Motion to Dismiss "Plaintiffs' First Amended Original Complaint," filed April 7, 2008 (doc. no. 47). Plaintiffs have responded to the motion, and defendant has replied. Upon review of the parties' submissions and the challenged amended complaint, the court makes its determination.

Background

Plaintiffs commenced this action against various defendants on September 4, 2007.[1] In Plaintiffs' First Amended Original Complaint filed March 25, 2008, plaintiffs allege two claims against defendant, George B. Salem. These claims are for alleged common law fraud and conspiracy. In the instant motion, defendant Salem seeks dismissal of both claims on the basis that the claims are barred by the two-year statute of limitations set forth in 12 O.S. 2001 § 95(3). Defendant Salem also seeks

---

[1] At this time, only two defendants remain in the action, George B. Salem and Kirk Bolin. Mr. Bolin has until July 11, 2008 to answer or otherwise respond to the amended complaint.

dismissal of the fraud claim on the ground that plaintiffs have failed to allege the claim against defendant, in his individual capacity, with particularity.[2]

Standards

Until recently, dismissal under Rule 12(b)(6), Fed. R. Civ. P., was appropriate only where it appeared beyond a doubt that a plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007), however, the Supreme Court prescribed a new inquiry to use in reviewing a dismissal; that inquiry is whether the claim contains "'enough facts to state a claim to relief that is plausible on its face.'" Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177(10th Cir., 2007), quoting Bell Atlantic Corp., 127 S.Ct. at 1974. In order to survive a motion to dismiss, a plaintiff must nudge his claim across the line from conceivable to plausible. *Id.* The court, in conducting its review, still assumes the truth of the plaintiff's well-pleaded factual allegations and views them in the light most favorable to the plaintiff. *Id.*

Rule 9(b), Fed. R. Civ. P., governs the pleading of certain special matters. Rule 9(b) provides in pertinent part: "In all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity. Malice, intent, knowledge and other conditions of mind of a person may be averred generally." Rule 9(b), Fed. R.

---

[2] Defendant Salem originally filed a motion to dismiss on February 29, 2008, seeking to dismiss plaintiffs' original complaint. Plaintiffs responded to the motion but also filed a motion seeking leave to amend their complaint. The court granted plaintiffs' motion to amend. Upon plaintiffs' filing of the amended complaint, the court denied as moot defendant Salem's motion to dismiss. *See*, doc. no. 45. In their response to defendant's motion seeking to dismiss the amended complaint, plaintiffs contend that defendant's motion should be denied because the court denied defendant's previous motion and such ruling is the law of the case. However, the court, in denying the original motion to dismiss, did not rule upon the merits of the motion. Rather, the motion was denied "as moot" because it challenged the original complaint, which was superseded by the filing of the amended complaint and was no longer of any legal effect. Thus, the court's denial of defendant's motion does not constitute law of the case.

Civ. P.  In order to plead fraud with particularity, plaintiffs' amended complaint must "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof."  Koch v. Koch Indus., 203 F.3d 1202, 1236 (10th Cir. 2000) (quotations omitted).  This means "'the who, what, when, where, and how: the first paragraph of any newspaper story.'"  Caprin v. Simon Transportation Services, Inc., 99 Fed. Appx. 150, 2004 WL 326995, *5 (10th Cir. February 23, 2004) (quoting DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir. 1990)).

Relevant Facts

Accepting as true the well-pleaded factual allegations and viewing them in the light most favorable to plaintiffs, the relevant facts are as follows.  In early 2002, defendant Salem, president and chief executive officer of Guidestar Health Systems, Inc., telephoned plaintiff, Dean Gallaher, chief executive officer of plaintiff, D&T Consulting, Inc., expressing an interest in purchasing plaintiff, D&T Consulting, Inc.  At that time, plaintiff, D&T Consulting, Inc., was a licensed third party administration company owned by plaintiffs, Dean Gallaher and Tresa Perkins-Gallaher.  In February of 2002, defendant Salem came to Tuttle, Oklahoma on two occasions to visit the offices of plaintiff, D&T Consulting, Inc., and to discuss its business operations.  On the second of these meetings, defendant Salem gave plaintiffs Gallaher and Perkins-Gallaher a document entitled "Guidestar Health Systems Employee Manual," signed by Salem.  This document was provided to plaintiffs to make representations to them regarding the background, assets and business of defendant Salem, and Guidestar Health Systems, Inc.  Page 3 of the document stated in pertinent part: "In December of 1997, Guidestar completed an equity offering which consisted of private placement of class B preferred stock with a provision to access a total of 55 million dollars."  See, Plaintiff's First Amended Original Complaint, ¶ 18 (doc. no. 44).

Plaintiffs made further inquiries of defendant Salem, regarding the ownership and assets of Guidestar Health Systems, Inc., a privately held corporation. Defendant Salem stated that he was the founder, president and chief executive officer of Guidestar Health Systems, Inc. He did not disclose that Guidestar Health Systems, Inc. was owned and controlled by venture capital firms. He also did not disclose that he had already engaged in discussions with Prasad Potluri for the sale of Guidestar Health Systems, Inc. (and the assets of plaintiff, D&T Consulting Inc.) to Maven Holdings Corporation.

In June of 2002, plaintiff, D&T Consulting, Inc. entered into an Asset Purchase Agreement with Guidestar Health Systems, Inc. At the same time, plaintiffs, Dean Gallaher and Tresa Perkins-Gallaher, executed a Non-Compete Agreement, wherein they agreed not to engage, for 18 months, in any competing business or render any third party administration services in the State of Oklahoma. According to plaintiffs, they relied upon defendant Salem's representations and non-disclosures in entering into the Asset Purchase Agreement and the Non-Compete Agreement.

On April 22, 2003, Maven Holdings Corporation purchased 100% of the outstanding common and preferred stock of Guidestar Health Systems, Inc. In April of 2003, Robert Brown, chief operating officer of Maven Holdings Corporation, told plaintiff, Dean Gallaher, that the company would not pay plaintiff, D&T Consulting, Inc., monies owed to it for its third party administration operations.

On September 8, 2003, plaintiff, D&T Consulting, Inc., filed an action in state court against Guidestar Health Systems, Inc., for non-payment of the agreed funds under the Asset Purchase Agreement.[3] The action was removed to this court on

---

[3] In the amended complaint, plaintiffs allege that the lawsuit brought by plaintiff, D&T Consulting, Inc. was initiated in 2004. The records of this court, of which the court takes judicial notice, indicates that the action was filed on September 8, 2003.

September 30, 2003. Plaintiff, D&T Consulting, Inc. was unable to engage in any discovery because Guidestar Health Systems, Inc. filed a motion to compel arbitration, which was subsequently granted by the court. Plaintiff, D&T Consulting, Inc., was further prevented from obtaining any information regarding the assets of Guidestar Health Systems, Inc. due to the company's failure to pay the initial arbitrator fee and proceed with arbitration. Thereafter, plaintiff, D&T Consulting Inc., reopened the proceedings in this court. After filing a motion for summary judgment, which was unopposed by Guidestar Health Systems, Inc., plaintiff, D&T Consulting Inc. received a judgment against Guidestar Health Systems, Inc. on January 26, 2005, for $344,545.60.

According to plaintiffs, they tried diligently to discover the assets of Guidestar Health Systems, Inc. through the internet and through other inquiries after its purchase by Maven Holdings Corporation. However, no information was revealed.

Plaintiffs also sought to obtain a deposition from defendant Salem. Defendant refused to voluntarily appear for a deposition. Consequently, plaintiff, D&T Consulting, Inc., filed a lawsuit against defendant Salem to compel his deposition. The deposition was held on December 21, 2006.

According to plaintiffs, defendant Salem revealed for the first time during the December 21, 2006 deposition that (1) through its private placement of class B preferred stock in December of 1997, Guidestar Health Systems, Inc. did not have access to a total of 55 million dollars; (2) during the operation of Guidestar Health Systems, Inc. and its interactions with plaintiffs, venture capital firms, and not defendant Salem, were controlling the business activities of Guidestar Health Systems, Inc. and (3) at the time of his interactions with plaintiff, defendant Salem had already engaged in discussions for the sale of Guidestar Health Systems, Inc. (and assets of plaintiff, D&T Consulting Inc.) to Maven Holdings Corporation.

According to plaintiffs, after defendant Salem's deposition, they realized that defendant Salem's representations which induced them to sell the assets of plaintiff, D&T Consulting, Inc. and to enter into the Non-Compete Agreement were false.[4] Plaintiffs allege that if the misrepresentations and non-disclosures by defendant Salem had not been made, the assets of the plaintiff, D&T Consulting, Inc. would not have been sold to Guidestar Health Systems, Inc. and plaintiffs, Dean Gallaher and Tresa Perkins-Gallaher would not have entered into the Non-Compete Agreement. Upon learning the true facts, plaintiffs filed the instant suit on September 4, 2007, within one year of defendant, Salem's deposition, alleging that defendant Salem committed fraud against plaintiffs and conspired with others to commit fraud.

Discussion

I.  Statute of Limitations

Under Oklahoma law, "an action for relief on the ground of fraud" shall be brought within two years "after the cause of action shall have accrued," and "the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud." 12 O.S. 2001 § 95(3). "The phrase '[u]ntil the discovery of the fraud' does not necessarily mean until the party has actual notice of the fraud." Walker v. Walker, 310 P.2d 760, 763 (Okla. 1957). Rather, "[f]raud is deemed to be discovered . . . when in the exercise of reasonable diligence it could have been discovered." Id. "The question of when fraud is discovered or should have been unearthed with the exercise of ordinary diligence is one of fact dependent on the surrounding circumstances, the relationship of the parties, and all other elements peculiar to the cause." Smith v.

---

[4] Defendant Salem attaches to his motion a copy of the December 21, 2006 deposition and invites the court to read the deposition, if it so chooses. Defendant Salem says that the deposition testimony does not reveal that any representations or nondisclosures were false. The court, however, is not inclined to convert defendant's motion into one for summary judgment and therefore declines to review the deposition testimony. For purposes of defendant's motion, the court accepts plaintiffs' allegations in regard to the deposition testimony as true.

6

Baptist Found. of Oklahoma, 50 P.3d 1132, 1138 (Okla. 2002). Plaintiffs' fraudulent conspiracy claim is also governed by the two-year statute of limitations of section 95(3) and must be brought within two years of discovery of the fraud. Paxton v. Hyer, 87 P.2d 938, 940 (Okla. 1939).

In his motion, defendant Salem contends that plaintiffs' fraud and conspiracy claims are time-barred and not saved by application of the discovery rule. Defendant argues that the well-pleaded allegations of the amended complaint demonstrate that plaintiffs knew or with reasonable diligence should have known of sufficient facts to put them on notice of the existence of their claims more than two years prior to September 4, 2007, the filing date of plaintiffs' complaint. The amended complaint, defendant contends, shows that plaintiffs knew, in April of 2003, that Maven Holdings Corporation had purchased the outstanding common and preferred stock of Guidestar Health Systems and would not satisfy the remaining payment obligations under the Asset Purchase Agreement between Guidestar Health Systems, Inc. and plaintiff, D&T Consulting, Inc. They also knew that plaintiff D&T Consulting Inc. had sued Guidestar Health Systems, Inc., defendant Salem's joint tortfeasor, for breach of the Asset Purchase Agreement in September of 2003 and that plaintiffs were suffering damages.

The defense of the statute of limitations may be resolved upon a motion to dismiss where the complaint shows on its face that the action has not been instituted within the statutory period. Aldrich v. McCulloch Properties, Inc., 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980); Rohner v. Union Pac. R. Co., 225 F.2d 272, 274 (10th Cir. 1955). The court, however, is not convinced that the allegations relied upon by defendant Salem are sufficient to support a determination, as a matter of law, that plaintiffs' claims are time-barred. The court cannot conclude that the face of the amended complaint clearly demonstrates that plaintiffs knew or should have unearthed

with the exercise of ordinary diligence the facts underlying their claims, as specifically alleged, within two years prior to the filing of plaintiffs' complaint. Accepting the well-pleaded allegations as true and viewing those facts in a light most favorable to plaintiffs, the court concludes that dismissal of plaintiffs' claims as untimely filed is not appropriate. The amended complaint state enough facts to state claims for relief that are plausible on their face.

II.     Noncompliance with Rule 9(b)

In his motion, defendant Salem additionally contends that plaintiffs' fraud claim should be dismissed because plaintiffs have failed to plead their fraud claim with particularity as to defendant in his individual capacity. Defendant Salem asserts that the amended complaint alleges that the misrepresentations and nondisclosures were made by defendant Salem in his capacity as president and chief executive officer of Guidestar Health Systems, Inc. Defendant Salem contends that actions and inactions pled by plaintiffs lie with Guidestar Health Systems, Inc., which was a defendant in the previous lawsuit filed by plaintiff, D&T Consulting, Inc. Defendant Salem contends that the employee manual relied upon by plaintiffs was prepared by Guidestar Health Systems, Inc. Defendant Salem also points out that there are no allegations that he was under an obligation in his individual capacity to disclose to the plaintiffs during negotiations for the purchase of plaintiff, D&T Consulting, Inc. of the ownership of Guidestar Health Systems, Inc. or that it was engaged in discussions with Maven Holdings Corporation concerning the sale of Guidestar Health Systems, Inc.'s assets. According to defendant Salem, the alleged tortious acts committed by him as president and chief executive officer put him in the category of a joint tortfeasor with Guidestar Health Systems, Inc. Because the allegations pled only show commission of acts or inactions committed by defendant Salem in his capacity as president and chief executive officer and its joint tortfeasor, Guidestar Health

Systems, Inc., has previously been sued and a judgment entered in that case, defendant Salem contends that plaintiffs' fraud claim against defendant Salem is barred.

Under Oklahoma law, an agent cannot escape liability for tortious acts including fraud, simply because the agent is acting within the scope of the agency. In <u>Bane v. Anderson, Bryant & Co.</u>, 786 P.2d 1230, 1234 (1990), the Oklahoma Supreme Court concluded that an agent who commits a tortious act while acting as agent for another within the scope of his authority is individually liable for the tortious act. As noted by the Oklahoma Supreme Court in <u>Shebester v. Triple Crown Insurers</u>, 826 P.2d 603, 609 n. 21 (Okla. 1992), Oklahoma law is in accord with that of other jurisdictions. *Id.* (citing and then quoting Restatement (Second) of Agency § 343 (1957) which states in pertinent part: "An agent who does an act otherwise a tort is not relieved from liability by the fact that he acted at the command of the principal or on account of the principal . . . .") Therefore, the fact that defendant Salem was allegedly committing tortious acts within his capacity as president and chief executive officer does not preclude his individual liability for those acts.

Under Oklahoma law, "'[i]n determining whether there is a duty to speak, consideration must be given to the situation of the parties and matters with which they are dealing.'" <u>Thrifty Rent-A-Car Sys., Inc. v. Brown Flight Rental One Corp.</u>, 24 F.3d 1190, 1195 (10th Cir. 1994) (quoting <u>Silk v. Phillips Petroleum Co.</u>, 760 P.2d 174, 179 (Okla. 1988)). Those considerations may require either (1) an absolute positive duty to speak based on a fiduciary or similar duty, or (2) a duty to speak arising from a partial disclosure. *See*, <u>Thrifty Rent-A-Car Sys.</u>, 24 F.3d at 1195. The second duty is imposed because the speaker is "'under a duty to say nothing or to tell the whole truth. One conveying a false impression by the disclosure of some facts and the concealment of others is guilty of fraud, even though his statement is true as far as it goes, since such concealment is in effect a false representation that what is

9

disclosed is the whole truth.'" *Id.* (quoting Deardorf v. Rosenbusch, 206 P.2d 996, 998 (1949)).  Therefore, even in the absence of a fiduciary or similar relationship, the duty to speak may arise.  *See*, Ragland v. Shattuck Nat'l Bank, 36 F.3d 983, 991-92 (10th Cir. 1994).

The court, upon review of the amended complaint, concludes that plaintiffs have pleaded a common law fraud claim against defendant Salem with sufficient specificity to overcome defendant's challenge under Rule 9(b).

As to defendant Salem's argument that plaintiffs' fraud claim is barred because the alleged tortious acts place him in the category of joint tortfeasor with Guidestar Health Systems, Inc. and plaintiffs have previously sued Guidestar Health Systems, Inc. and obtained judgment against it, the court concludes that such argument has not adequately been developed for the court to make a determination as a matter of law that plaintiffs cannot pursue their claim against defendant Salem.  Although this is far from clear, it appears to the court that defendant Salem asserts that the fraud claim is barred by the doctrines of res judicata and claim preclusion.  Defendant Salem has not provided any case or statutory authority to support a finding that plaintiffs' claim is barred.  Further, the court notes that the action filed against Guidestar Health Systems, Inc. was filed by plaintiff, D&T Consulting, Inc.  Plaintiffs, Dean Gallaher and Tresa Perkins-Gallaher, were not included as parties to that action and there is no indication that they would be in privity with plaintiff, D&T Consulting, Inc. for purposes of that action. Further, the court notes that the judgment against the purported joint tortfeasor has not been satisfied.  Accordingly, the court declines to dismiss plaintiffs' fraud claim based upon the fact that the alleged tortious acts were committed by defendant Salem in his capacity as president and chief executive officer of Guidestar Health Systems, Inc. and the fact that judgment was previously taken against Guidestar Health System, Inc. by plaintiff, D&T Consulting, Inc.

Based upon the foregoing, Defendant George B. Salem's Motion to Dismiss "Plaintiffs' First Amended Original Complaint," filed April 7, 2008 (doc. no. 47) is **DENIED**.

DATED June 10, 2008.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

07-0974p022(pub).wpd